# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMAL REYES, #39586-083 | * |
| Petitioner | *    Civil Action No. RWT-10-3217 |
| v. | * |
| WARDEN, et al., | * |
| Respondent | * |

## MEMORANDUM OPINION

Jamal Reyes is a federal prisoner currently confined at the Federal Prison Camp in Butner, North Carolina.[1] On November 10, 2010, he filed, pro se this 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 1992 conviction entered by the Circuit Court for Prince George's County for distribution of cocaine.[2] Respondent has filed an answer to the Petition, arguing that the application should be dismissed because Petitioner is no longer "in custody" under the conviction. ECF No. 3. Petitioner's reply has been considered. ECF No. 7. For reasons to follow, the Petition shall be denied and dismissed without prejudice.

On March 16, 1992, Petitioner pled guilty to distribution of cocaine. ECF No. 3, Ex. 1. On April 30, 1992, he was sentenced to ten years incarceration, all but two years suspended and ordered to serve three years supervised probation upon release. Id. Petitioner did not seek leave to appeal the entry of his sentence. His sentence was completed in 1995. He did not seek state post conviction relief until 2007, well after the completion of his sentence. Id. Exs. 1 & 2, ECF

---

[1] Petitioner states that on April 21, 2006, he was sentenced in federal court to a 175 month term of confinement for possession with intent to distribute heroin. ECF No. 6.

[2] The Court observes that the Petition is dated September 30, 2010. Under the "prison mail box" rule the Petition shall be deemed to have been filed on that date. See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-920 (D.Md. 1998).

No. 6. His post-conviction petition was denied by the state court because his sentence had been fully served. Id. His further efforts to gain state post conviction relief, including a petition for writ of error *coram nobis*, were also denied. Id.

This Court lacks subject matter jurisdiction over the instant Petition. Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" in violation of laws, treaties or the Constitution of the United States. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This custody requirement is not met when the inmate challenges an expired sentence. See Maleng v. Cook, 490 U.S. 488, 491 (1989). Petitioner's custody on the 1992 conviction ended in 1995. ECF Nos. 1, 3 & 6. At the time he filed this matter, Petitioner was not in custody for purposes of challenging his 1992 convictions under § 2254(a).[3] See Resendiz v. Kovensky, 416 F.3d 952, 957-58 (9th Cir. 2005); Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004) (petitioner's federal custody on immigration removal proceedings does not satisfy "in custody" requirement of § 2254 where sentence to challenged state court conviction had expired).

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. See 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c) (2). The Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " Miller-El v. Cockrell, 537 U.S. 322, 335-36, (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). The Court will not

---

[3] As this Court lacks jurisdiction over this case, it will not address the question of whether the Petition would otherwise be time-barred.

issue a Certificate of Appealability because Petitioner has not made the requisite showing.

For the aforementioned reasons, this § 2254 petition is hereby denied and dismissed without prejudice. A separate Order follows.


Date: March 14, 2011                            /s/
                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE